IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | **8:25CR190** |
| v. | | **ORDER** |
| JUAN MANUEL GOUVEIA-AGUILERA, | | |
| Defendant. | | |

This matter comes before the Court upon defendant Juan Manuel Gouveia-Aguilera's ("Gouveia-Aguilera") Motion to Relate Related Cases and Request for Hearing[1] (Filing No. 382).  Gouveia-Aguilera claims that his case should be reassigned to United States District Judge Susan M. Bazis ("Judge Bazis"), who is handling a case which he claims is related to his (4:24CR3095) ("the original Lincoln case").

## I.    BACKGROUND

Gouveia-Aguilera was charged in a superseding indictment on October 21, 2025, with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349; conspiracy to commit bank burglary and fraud in connection with computers, in violation 18 U.S.C. § 371; bank fraud, in violation of 18 U.S.C. §§ 1344 and 2; bank burglary, in violation of 18 U.S.C. §§ 2113(a) and 2; and intentional damage to a protected computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B), and 2.[2]

---

[1]The Court sees no need for a hearing.

[2]At this time, there are five Omaha defendants in the Automatic Teller Machines ("ATM")  jackpotting cases with the 110 defendants.

Gouveia-Aguilera laments that his case was assigned to the Omaha docket and not to the Lincoln docket. He argues that the United States Attorney ignored General Rule 1.4(a)(4)(A) in filing this case.

Gouveia-Aguilera seeks to relate his case to the original Lincoln case. The original Lincoln case involves two defendants who were charged on December 9, 2024, with conspiracy to commit bank burglary and fraud in connection with computers, in violation of 18 U.S.C. § 371; and intentional damage to a protected computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B) and (2).[3] He claims that his case is clearly related to the original Lincoln case and should therefore be reassigned to Judge Bazis who had been randomly assigned that case.

Gouveia-Aguilera's case, along with the original Lincoln case, is based on so-called "ATM jackpotting." In this context, jackpotting involves a type of cyberattack where ATMs are exploited using malware causing the ATMs to dispense cash. *See United States v. Garcia*, 2026 WL 699994 *1 (D. Neb. March 12, 2026). Jackpotting indictments were later filed in Omaha, one of which included Gouveia-Aguilera as a named defendant. Those Omaha cases were not noted as related to the original Lincoln case on the criminal cover sheet. The Omaha cases were randomly assigned to United States District Judge Brian C. Buescher ("Judge Buescher.")

## II.    DISCUSSION

Gouveia-Aguilera argues that all of the cases are "related" as that term is used in Nebraska General Rule 1.4(a)(4)(A). Gouveia-Aguilera relies on Nebraska General Rule 1.4(a)(4)(A) dealing with related cases. That rule reads, in pertinent part, as follows:

---

[3]Both defendants in the original Lincoln case have now pleaded guilty to a two-count information and are pending sentencing.

Attorneys of record must notify the court that a case is or may be related to another pending or closed case in this court. Failure to notify the court may result in sanctions on attorneys and parties. Accordingly,

. . .

(ii) in criminal cases, the filer should enter the number of the related case in the "Related to" field on the criminal cover sheet; and

(iii) after filing, an attorney of record who learns that a case is or may be related to another pending or closed case in this court must inform the clerk and the chief judge by electronically filing a notice of related cases.

Nebraska General Rule 1.4(a)(4)(B)(ii) continues:

(ii) If at any time after case opening and judge assignment a judge assigned to a case determines that the case is or may be related, the judge informs the chief judge. If the chief judge determines the cases are related, the chief judge orders reassignment of the higher numbered case(s) to the district judge with the lowest numbered case *unless good cause exists for not ordering the reassignment*.

(Emphasis added).[4]

The government does agree that the cases are similar, overlap in many respects, and probably have their roots in the same "conspiracy." The government also points to some differences in the cases including the fact that (1) the first Omaha indictment was filed eight months after the original Lincoln case, (2) none of the Omaha indictments charged any of the defendants in the original Lincoln case, and (3) none of the overt acts that appear on the indictment in the original Lincoln case appear in the Omaha indictments.

The issue of whether cases are "related" does not lead to a bright-line answer in many cases, and the Court can see merit to the arguments on both sides of this dispute.

---

[4]General Rule 1.4(a)(4)(D) requires a timely challenge in civil cases ("within 14 days of a defendant's original answer date.") While no deadline is stated in the rule relating to criminal cases, the Court considers the timeliness of the motion as a factor which related to "good cause."

But, regardless of whether the matters are related for purposes of General Rule 1.4(a)(4)(A), good cause exists for keeping the Omaha cases where they are.

The Court has conferred with Judge Bazis and Judge Buescher about the status of the original Lincoln case and the Omaha cases. Given the time between the indictments and the length of time the Omaha cases have been handled by both Judge Buescher and Magistrate Judge Ryan C. Carson ("Magistrate Judge Carson"), including some significant motion practice, and taking into consideration the logistics involved in trying more than 100 defendants in Lincoln cases in Omaha rather than Lincoln, I find that there is good cause to keep the Omaha cases with Judge Buescher and Magistrate Judge Carson. Gouveia-Aguilera's request for reassignment is denied.[5] His request for a hearing is also denied.

IT IS SO ORDERED.

Dated this 21st day of April 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judg

---

[5]Counsel for Gouveia-Aguilera indicates that he is making the motion only on behalf of his client, but is also informing counsel assigned to represent defendants in the Omaha case that he is proceeding with this motion. On this record, any similar motions filed by counsel for other Omaha defendants will be denied.